UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| JOHN P. BOERSCHIG, | : | |
| *Plaintiff*, | : | |
| | : | |
| **v.** | : | No. 4:16-CV-00056 |
| | : | |
| TRANS-PECOS PIPELINE, LLC, | : | |
| *Defendant*. | : | |
| _____ | : | |

**COMPLAINT**

**Preamble: Nature of action**

1.   Using the State of Texas's sovereign power of eminent domain, a private pipeline company is proposing to condemn nearly 13 acres of Mr. Boerschig's Presidio County ranch for right-of-way for the company's natural gas pipeline. The state has delegated its eminent domain power to the pipeline company, unaccompanied by any standards for the route the pipeline may take or the extent of private property to be taken. Texas law deprives private property owners such as Mr. Boerschig of any opportunity to challenge the pipeline company's right to take their property in advance of the company taking possession of the property. The pipeline's use of the state's eminent domain powers deprives Mr. Boerschig of property rights protected by the Due Process Clause of the Fourteenth Amendment.

**Jurisdiction and venue**

2.   This Court has original jurisdiction under 28 U.S.C. § 1331. Plaintiff seeks preliminary and permanent injunctive relief and declaratory relief under 28 U.S.C. §§ 2201 and 2202.

3.   Venue is proper in this Court pursuant to 28 U.S.C. §§ 124(d)(6) and 1391(b)(2).

**Parties**

*Plaintiff*

4.   Plaintiff John P. Boerschig is a Texas resident, whose primary home is in Washington County, Texas. He holds fee simple title to a 10,947.22-acre ranch in Presidio County, Texas, referred to here as the "South Shurley ranch."

*Defendant*

5.   Defendant Trans-Pecos Pipeline, LLC ("Trans-Pecos"), is a Texas limited liability company. Trans-Pecos is owned by Energy Transfer Mexicana, LLC, a subsidiary of Energy Transfer Partners, L.P. Trans-Pecos is currently actively pursuing acquisition of easements in real property in Presidio County, Texas, specifically including an easement across Boerschig's South Shurley ranch, for purposes of constructing one or more pipelines. Trans-Pecos's agent for service of process is Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

**Factual allegations**

6.   Trans-Pecos was formed for the purpose of constructing one or more natural gas pipelines in West Texas. One of these pipelines is the Trans-Pecos Pipeline ("TPP").

7.   Trans-Pecos plans to construct pipeline facilities on a route it has unilaterally chosen across Pecos, Brewster, and Presidio Counties to the middle of the Rio Grande River, at the international boundary with the State of Chihuahua, Mexico. At that point, Trans-Pecos's pipeline network will link with an interconnecting Mexican pipeline. These pipeline facilities will transport natural gas.

8.   Trans-Pecos could have gone forward with its plans for the pipeline facilities by treating the TPP as a single natural gas pipeline engaged in the "exportation of natural gas in foreign

2

commerce," 15 U.S.C. § 717(b), and subject to the jurisdiction of the Federal Energy Regulatory Commission ("FERC"). Had it done so, it would have had to seek a certificate of convenience and necessity ("CCN") from FERC under 15 U.S.C. § 717f. A CCN, issued after appropriate administrative proceedings, would have included elements addressing the pipeline's route.

9.    A CCN from FERC would have imbued Trans-Pecos with the power of eminent domain under 15 U.S.C. § 717f(h). But the CCN path through FERC presented Trans-Pecos with two obstacles it wanted to avoid. First, it would have subjected TPP's route to FERC administrative review and approval. Second, according to decisions such as *Northern Border Pipeline Co. v. 86.72 Acres of Land*, 144 F.3d 469 (7th Cir. 1998), Trans-Pecos would *not* have the automatic right to immediate possession of land along its route while eminent domain proceedings are underway. The Natural Gas Act's eminent domain provision "does not authorize quick-take power." *Transwestern Pipeline Co. v. 17.19 Acres of Property Located in Maricopa County*, 550 F.3d 770, 774 (9th Cir. 2008). Early access is possible only through judicial action and approval.

10.    Trans-Pecos voluntarily took a different approach, one that would take it outside FERC's CCN process and coverage by federal statutory rules of eminent domain. It artificially divided its natural gas pipeline into two pieces. One is dubbed the "Presidio Border Crossing Project." It is a border-crossing facility consisting of approximately 1,093 feet of 42-inch diameter pipeline extending from a point approximately 12.5 miles northwest of the City of Presidio in Presidio County to the middle of the Rio Grande River.

11.    Trans-Pecos's decision to bifurcate its plans for the pipeline left only the Presidio Border Crossing Project subject to FERC jurisdiction. On May 5, 2016, FERC issued an order granting a Presidential permit and authorization under Section 3 of the federal Natural Gas Act to Trans-Pecos's self-defined border crossing project to import and export natural gas at the inter-

national boundary between the United States and Mexico. *See Trans-Pecos Pipeline, LLC*, Doc. No. CP15-500-000, 155 FERC ¶ 61,140.[1]

12.   To transport natural gas to the Presidio Border Crossing Project, for immediate pass-through transportation to a Mexican pipeline for delivery to points in Mexico, Trans-Pecos plans to construct and operate a 42-inch diameter pipeline, the TPP, that it has claimed would be an intrastate natural gas pipeline subject to the jurisdiction of the Railroad Commission of Texas ("RRC"). With a total capacity of 1.3 bcf (billion cubic feet) per day, the TPP would gather natural gas at a hub in Pecos County and transport it approximately 148 miles—the distance is sometimes said to be 143 miles—to Presidio County, where it would connect with the Presidio Border Crossing Project.

13.   Trans-Pecos, a private entity, is the sole decision maker on the TPP route from its Pecos County hub to its interconnect near the City of Presidio. Neither the RRC nor any other governmental entity—federal, state, or local—plays any official or formal role in TPP's route decision.

14.   The route chosen by Trans-Pecos crosses many miles in Pecos, Brewster, and Presidio Counties that is privately-owned property. Trans-Pecos has only two methods for acquiring the property or rights in connection with this private property. It can negotiate purchase by contract, or, failing that, it can invoke the power of eminent domain to forcibly take the private property— in which case it must provide just compensation. Trans-Pecos's eminent domain power inevitably affects negotiations to purchase by contract since the parties to the negotiations recognize at the outset that, if a voluntary agreement is not reached, Trans-Pecos can still compel transfer of the private property rights to itself.

---

[1] Plaintiff Boerschig is not conceding the correctness of FERC's Trans-Pecos Pipeline order, but accepts it for purposes of the issues raised in this lawsuit.

15. Eminent domain is a sovereign power. *See West River Bridge Co. v. Dix*, 47 U.S. 507, 517 (1848). Thus, since Trans-Pecos has chosen to configure TPP so that it lacks federal eminent domain powers, the only source of Trans-Pecos's eminent domain authority for TPP is the State of Texas. The Texas Legislature has provided mechanisms for private parties to exercise the governmental power of eminent domain, making a delegation to private entities of the sovereign power of eminent domain.

16. Trans-Pecos claims to be a gas utility within the meaning of Section 121.001(a) of the Texas Utilities Code. In Section 181.004 of the Utilities Code, the Texas Legislature has delegated the state's eminent domain power to gas "corporation[s]." The legislature expanded the definition of "corporation" to include limited liability companies. Tex. Util. Code § 181.001(1)(C). It is through these legislative delegations that Trans-Pecos is seeking to exercise Texas's power of eminent domain in connection with acquisition of property along the chosen TPP route.

17. This delegation of Texas's eminent domain power to Trans-Pecos is not accompanied by meaningful standards of any sort. Trans-Pecos does not have to establish that the property it seeks to forcibly take is "necessary" for public use. Rather, absent a showing under state law of fraud, bad faith, or arbitrariness and capriciousness, Trans-Pecos's determination of necessity is conclusive. *See, e.g., Valero Eastex Pipeline Co. v. Jarvis*, 990 S.W.2d 852, 856 (Tex.App.— Tyler 1999, pet. denied). Trans-Pecos's "necessity" determination was made on March 12, 2015, by a purely private entity, La Grange Acquisition, L.P. ("La Grange"), reputed by Trans-Pecos to be its sole owner. La Grange is a Texas domestic limited partnership; its general partner is LA GP, LLC, yet another private entity. La Grange's assumed name is Energy Transfer Company.

18. Under Texas law, the amount of land that Trans-Pecos will take, the location of it, and the necessity for it, all are within Trans-Pecos's sole discretion. *See, e.g., Tenngasco Gas Gath-*

*ering Co. v. Fischer*, 653 S.W.2d 469, 476 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.). Texas law has turned over to Trans-Pecos all aspects of these decisions, without imposing or providing any guiding standards.

19.  Trans-Pecos is seeking to exercise its eminent domain powers under Texas law to condemn pipeline right-of-way across Plaintiff Boerschig's South Shurley ranch in Presidio County. It seeks to condemn a 50-foot wide swath, with the pipeline in the centerline, for about 11,271 feet across the ranch. Nearly 13 acres of Mr. Boerschig's Presidio County property would be taken by Trans-Pecos.

20.  Trans-Pecos has instituted condemnation proceedings against Mr. Boerschig for the ranch in *Trans-Pecos Pipeline, LLC v. Boerschig, et al.*, No. 7668, filed March 4, 2016, in the 394th Judicial District in Presidio County ("Trans-Pecos condemnation proceeding"). It also has filed a notice of *lis pendens*, further burdening Mr. Boerschig's property before any adjudication of Trans-Pecos's rights.

21.  The pending Trans-Pecos condemnation proceeding is not a judicial proceeding. The valuation question has been referred to special commissioners, who have not yet conducted a hearing or made a valuation determination as to the South Shurley ranch. Under Texas law such proceedings remain administrative proceedings, and are not judicial proceedings, from the time of filing a condemnation petition until the special commissioners' award. *Hubenak v. San Jacinto Gas Transm'n Co.*, 141 S.W.3d 172, 179 (Tex. 2004); *see also City of Tyler v. Beck*, 196 S.W.3d 784, 786 (Tex. 2006). Trans-Pecos has already insisted in writing that the special commissioners phase that is currently pending with respect to the South Shurley ranch is administrative, not judicial.

22. The Special Commissioners hearing on valuation is scheduled to commence at 9:00 a.m. on July 14, 2016.

23. Texas law would allow Trans-Pecos to forcibly take possession of the South Shurley ranch as soon as: (a) any objections are filed in state court to the special commissioners' award; and (b) Trans-Pecos has deposited the amount of the award in the registry of the state court. *See* Tex. Prop. Code § 21.021(a). This authorization for one private party, Trans-Pecos, to forcibly take possession of the property of another private party, Mr. Boerschig, deprives Mr. Boerschig of any opportunity to legally challenge Trans-Pecos's right to condemn his property prior to Trans-Pecos seizing it.

24. Another facet of this problem is that there is not yet a determination that Trans-Pecos is, in fact, a gas utility which will be performing a public service and engaging in a public use. Trans-Pecos has been issued what is known as a T-4 permit for the TPP. But that is merely a per-functory administrative filing, providing Mr. Boerschig and similarly situated private property owners threatened with condemnation proceedings no opportunity under Texas law for a pre-possession determination of whether Trans-Pecos is going to put its TPP to a public service in the state.

25. As a consequence of Texas's statutory substantive and procedural authorizations for the private Trans-Pecos to exercise the sovereign power of eminent domain with respect Mr. Bo-erschig's South Shurley ranch, Mr. Boerschig would be forced under Texas law to involuntarily relinquish possession of his own property to another private party, Trans-Pecos, without the prior opportunity to dispute the right to condemn at all and without there having been a final judicial determination of the value of what is being forcibly taken from him.

26.  As a further consequence of Texas law with respect to this situation, Trans-Pecos is exercising, and seeking to exercise, this sovereign power of eminent domain without having to honor any standards established by the state as to which specific private property, or how much of it, Trans-Pecos (or any other natural gas utility in the state) may condemn.

27.  Government may not constitutionally delegate its sovereign powers to private parties to exercise dominion and control over other private parties' property without providing standards for the exercise of such powers. *See Carter v. Carter Coal Co.*, 298 U.S. 238 (1936); *Washington ex rel. Seattle Title Trust Co. v. Roberge*, 278 U.S. 116 (1928); *Ass'n of American Railroads v. U.S. Dep't of Transportation*, 2016 WL 1720357 (D.C. Cir. April 29, 2016). Texas law violates this constitutional principle in the situation of Trans-Pecos's use of the state power of eminent domain to attempt the forcible taking of Mr. Boerschig's South Shurley ranch. Standardless delegations of government power to private entities violate the right to due process afforded private parties such as Mr. Boerschig seeking to protect their rights to private property. Consequently, Trans-Pecos should be barred from taking possession of Mr. Boerschig's property, and this Court should invalidate Trans-Pecos's authority to exercise eminent domain powers under Texas law because such exercise by Trans-Pecos violates Mr. Boerschig's property rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

**Notice under Fed. R. Civ. Proc. 5.1(a)**

28.  This Complaint draws into question the constitutionality of a Texas statutory scheme for condemnation by a private entity, and neither the State of Texas, nor any of its agencies, officers, or employees in their official capacities, is a party. In this circumstance, sub-parts (1)(B) and (2) of Fed. R. Civ. Proc. 5.1(a) require Plaintiff Boerschig to serve notice of the constitutional question on the Attorney General of Texas. Plaintiff will do so within a day of filing this Complaint.

8

The file-stamped complaint and a notice of filing will be served on the Attorney General of Texas by sending them to the electronic address his office has designated for this purpose: const_claims@texasattorneygeneral.gov.

**Legal claims**

***Count 1*: Due Process violation (standardless delegation of governmental authority)**

29.  Paragraphs 1–28, above, are incorporated.

30.  Trans-Pecos's exercise of, and plans to exercise, eminent domain authority under Texas law violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution as applied to Mr. Boerschig and his South Shurley ranch, because it is an invalid standardless delegation of government authority to a private entity.

***Count 2*: Due process violation (no pre-possession determination of public use)**

31.  Paragraphs 1–28, above, are incorporated.

32.  Trans-Pecos's exercise of, and plans to exercise, the right to possess Mr. Boerschig's South Shurley ranch without a prior determination that the TPP constitutes a "public use" violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution as applied to Mr. Boerschig and his South Shurley ranch.

**Prayer for Relief**

33.  Based upon the foregoing matters, Plaintiff Boerschig respectfully requests that this Court grant him the following relief:

a.  assume jurisdiction over this action;

b.  issue a preliminary injunction before July 14, 2016, prohibiting Trans-Pecos from taking possession of Mr. Boerschig's South Shurley ranch pending final disposition of this case;

c.  issue a declaratory judgment that Trans-Pecos may not constitutionally exercise the power of eminent domain under Texas law;

d.   issue a permanent injunction prohibiting any exercise of eminent domain authority by Trans-Pecos under Texas law;

e.   award Plaintiff Boerschig the costs incurred in bringing and prosecuting this action; and

f.   grant Plaintiff Boerschig such other and further relief as may be necessary, appropriate, and equitable.

Respectfully submitted,

__/s/ Renea Hicks_____
Renea Hicks
Attorney at Law
Texas Bar No. 09580400
LAW OFFICE OF MAX RENEA HICKS
101 West 6th Street, Suite 504
Austin, Texas 78701
(512) 480-8231, fax (512) 480-9105
rhicks@renea-hicks.com

Clark Richards
State Bar No. 90001613
crichards@rrsfirm.com
RICHARDS RODRIGUEZ & SKEITH, LLP
816 Congress Ave, Suite 1200
Austin, TX  78701
Tel: 512-476-0005; Fax: 512-476-1513

ATTORNEYS FOR PLAINTIFF